**DHL INFORMATION SERVICES (AMERICAS), INC., an Ohio Corporation, Plaintiff,**

v.

**INFINITE SOFTWARE CORPORATION, a Nevada Corporation, Defendant.**

**No. SACV 07–0815 AG (RNBx).**

United States District Court, C.D. California.

Aug. 15, 2007.

Christopher Steven Ruhland, Edwin V. Woodsome, Jr., Jason M. Wucetich, Orrick Herrington & Sutcliffe, Los Angeles, CA, for Plaintiff.

David H. Hochner, Gerald Majella Mooney, Jr., Kathryn Tong Anderson, Rutan & Tucker, Costa Mesa, CA, for Defendant.

## ORDER DENYING PLAINTIFF DHL INFORMATION SERVICES (AMERICAS), INC. MOTION FOR PRELIMINARY INJUNCTION

GUILFORD, District Judge.

This case concerns whether a request for a preliminary injunction should be reviewed by this Court or in arbitration. The Court defers to arbitration because the parties have agreed that arbitration is appropriate for resolving disputes in this matter, including disputes about preliminary injunctive relief.

Plaintiff DHL Information Services (Americas), Inc. ("Plaintiff") filed a Motion for Preliminary Injunction ("Motion"). At an earlier hearing, the Court compelled arbitration of all but one of Plaintiff's claims, staying the remaining claim. Defendant Infinite Software Corporation ("Defendant") argues that the parties agreed upon an arbitration provision specifying that "Any controversy or claim arising out of or relating to the Agreement, or the breach thereof, shall be settled by binding arbitration pursuant to the rules of the American Arbitration Association in the State of California ["AAA Rules"]." (Declaration of Carol Conway, Ex. A. ¶ 9.06.)

Rule 34(a) of the AAA Rules states that "The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods." (Declaration of Jason M. Wucetich in Support of DHL's Motion for Preliminary Injunction ("Wucetich Decl."), Ex. A.) Thus, the parties agreed that requests for injunctive relief could be decided in arbitration.

Rule 34(c) of the AAA Rules states that "A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate." (Wucetich Decl., Ex. A.) Thus, the right to arbitrate is not waived by seeking interim relief in the Court.

Defendant argues that because these proceedings are subject to an agreement to arbitrate, "the arbitrator, not the district court, should issue the injunction assuming there is a legitimate basis for issuing one. . . ." (Memorandum of Points and Authorities in Opposition to Plaintiff DHL Information Services (Americas), Inc.'s Motion for Preliminary Injunction 1:20–23.) Plaintiff argues in response that because the applicable provisions would allow the Court, as well as the arbitrator, to provide preliminary injunctive relief, the Court should do so, and not the arbitrator. The Court declines to rush in where the arbitrator is free to tread. Since under the agreement of the parties, almost all their disputes are going to arbitration where interim relief is authorized, it is best not to carve out interim relief from the issues the arbitrator will decide, even though Rule 34(c) of the AAA Rules would allow this Court to do so.

The Ninth Circuit has recognized the wisdom of sending interim relief issues to arbitration. In *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir.1999), the court held "Because the district court con-

cluded that all of Simula's claims were arbitrable and the ICC arbitral tribunal is authorized to grant the equivalent of an injunction pendente lite, it would have been inappropriate for the district court to grant preliminary injunctive relief." In *China National Metal Products Import/Export Co. v. Apex Digital, Inc.*, 155 F.Supp.2d 1174, 1182 (C.D.Cal.2001), the district court applied the holding in *Simula* to reverse the magistrate court. In *China National*, the parties agreed to submit all disputes "in connection with" the challenged contract to arbitration in China with the China International Economic and Trade Arbitration Commission under the Commission's applicable arbitration rules. *China National*, 155 F.Supp.2d at 1176. After the parties had submitted their claims to arbitration, the plaintiff sought a writ of attachment from a magistrate court. *Id.* at 1177. The district court found that the arbitral rules authorized provisional relief. *Id.* at 1182. Accordingly, under the Ninth Circuit precedent of *Simula*, the district court held that it must respect the parties' agreement "and refrain from awarding provisional relief when the parties have provided for another means to obtain such relief." *Id.*

Plaintiff further argues that *PMS Distrib. Co., Inc. v. Huber & Suhner*, 863 F.2d 639 (9th Cir.1988) and not *Simula* provides the applicable authority. Because *Simula* was decided ten years after *PMS* and involves more analogous circumstances, the Court finds that *Simula* is controlling.

Thus, the Court finds that it is best to allow Plaintiff's Motion to be decided in arbitration. Accordingly, Plaintiff's Motion is DENIED.

**IT IS SO ORDERED.**